**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMIAL CASE NO. 1:13-cr-021-1 |
| | CIVIL CASE NO. 1:17-cv-113 |
| Plaintiff/Respondent, | Judge Michael R. Barrett |
| v. | |
| TIMOTHY BALLARD, | |
| Defendant/Petitioner. | |

**ORDER**

This matter is before the Court on Petitioner's § 2255 motion to vacate, set aside, or correct sentence (Doc. 147), as supplemented (Doc. 160), Respondent's response (Doc. 172), and Petitioner's reply (Doc. 176). The docket also reflects a pending motion for the appointment of counsel. (Doc. 171).[1] For the following reasons, Petitioner's motions will be denied.

**I.    BACKGROUND**

Petitioner pleaded guilty to conspiracy to possess with intent to distribute heroin under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846. (Doc. 86). The final presentence investigation report ("PSR") used a base level offense 32 (PSR, ¶ 49), which was enhanced for maintaining a drug premises (U.S.S.G. § 2D1.1(b)(12)), criminal livelihood (*id.* at § 2D1.1(b)(15)(E)), and Petitioner's role as the leader of the drug conspiracy. (*Id.* at § 3B1.1(a)). The offense level was then decreased for acceptance of responsibility (*id.* at §§ 3E1.1(a) and (b)) to a total offense level of 37. (PSR, ¶ 62). The PSR also

---

[1] This filing appears to duplicate a prior filing by Petitioner, and for the reasons discussed in part III.B, it will be denied.

1

calculated a criminal history category of III.  (*Id.* at ¶ 71).  The resulting guideline range was 262–327 months (PSR, ¶ 112) in the context of a statutory range of a five-year minimum to 40-year maximum.  21 U.S.C. § 841(b)(1)(B)(i).  Probation sought an upward variance to 408 months in view of Petitioner's leadership role, his lavish lifestyle linked to his criminal conduct, his criminal history related to narcotics, and the fact that the Court had imposed a 408-month sentence upon an associated defendant, Cornell Clisby. (PSR, ¶ 135).

As reflected in the addendum thereto, Petitioner's counsel submitted objections to numerous aspects of the PSR.  At the sentencing hearing held February 2, 2016, Petitioner's counsel withdrew the objections, with the caveat that "[Petitioner], I know in his own mind, believes that he is not as culpable as the presentence investigation writer has stated.  I think I should just state that for the record."  (Doc. 154, PAGEID #: 731–32). The Court responded, "I think I agree with that, and that will drive where I'm going in my sentence."  (*Id.* at PAGEID #: 732).  In what suggests that the Court and both parties conferred about a downward departure, Respondent's counsel added: "I know that the Court is going to depart downward, and significantly, I think, and I understand that."  (*Id.* at PAGEID#: 734).  In mitigation, Petitioner's counsel requested a 180-month sentence. (*Id.* at PAGEID #: 733).  The Court entered a judgment of 198 months.  (Doc. 124).

Petitioner did not appeal and filed his § 2255 motion February 10, 2017.[2]  As supplemented, his motion presents two claims of ineffective assistance of counsel.  First, he argues that counsel was ineffective for withdrawing the objections to the PSR. Relatedly, as a second ground, he argues that counsel was ineffective for failing to raise

---

[2] "[A] pro se prisoner's complaint is deemed filed when it is handed over to the prison officials for mailing to the court."  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

2

the substance of those objections in the context of his request for a downward departure on behalf of Petitioner.

## II. STANDARD OF REVIEW

Relief under 28 U.S.C. § 2255 is warranted upon a showing of either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967). A petitioner using § 2255 must demonstrate relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## III. ANALYSIS

### A. Ineffective assistance of counsel

Petitioner's claims are premised on the alleged ineffective assistance of counsel. To demonstrate an error of constitutional magnitude in this context, a petitioner "must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights." *Myers v. United States*, Case No. 1:10-cr-69-1, 2019 WL 330847, at *2 (S.D. Ohio Jan. 25, 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). *Strickland* set forth a two-part test for ineffective assistance of counsel claims.[3] First, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under this prong, the court must "indulge

---

[3] Although not part of his articulated § 2255 claims, Defendant alludes to his counsel's ineffectiveness for advising him to make certain admissions as part of his plea agreement. (*See* Doc. 160, PAGEID #: 830). The Court will not address a claim not raised by Defendant, but notes that the *Strickland* standard likewise "governs claims of ineffective assistance of counsel arising from a guilty plea." *Sutton v. United States*, Case No. 1:05-CR-183-2 (1:12-CV-339), 2013 WL 12228705, at *2 (S.D. Ohio June 24, 2013) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

3

a strong presumption that counsel's conduct falls within a wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy." *Id.* at 689 (internal quotation omitted). "[R]easonable lawyers may disagree on the appropriate strategy for defending a client." *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). Second, the petitioner must demonstrate prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner devotes a great deal of his briefing to persuading the Court of the merits his would-have-been objections to the PSR and criticizes Respondent for devoting its response to "abstract legal concepts." (Doc. 176, PAGEID #: 917). Petitioner's approach, however, misses the forest for the trees. The Court is constrained to evaluate Petitioner's claims in terms of the legal framework discussed above, to which the Court now turns.

Although Petitioner raises two distinct ineffective assistance claims, they both concern his counsel's decision to not raise objections to the PSR—whether formally or informally. The Court therefore considers them together. The record demonstrates that, for purposes of the first prong of the *Strickland* test, Petitioner's counsel's performance was objectively reasonable. Probation and Respondent were recommending a 408-month sentence prior to the sentencing hearing. Review of the sentencing hearing transcript demonstrates that, notwithstanding counsel's withdrawal of the objections to the PSR, the Court appreciated their contents in in the totality of the sentencing

4

circumstances.[4] Moreover, the PSR addendum reflects responses to the objections that undercut Petitioner's burden to show that his counsel's performance was objectively unreasonable. For example, Petitioner strenuously contests the PSR's conclusion that the currency seizure leading to his arrest related to heroin and not to marijuana, thereby inflating his base offense level. But upon review of the objection, Probation verified its conclusion with agents from the Drug Enforcement Agency and U.S Attorney's office. (PSR, addendum). Petitioner also disagrees with the PSR's conclusion that he made his livelihood by criminal means, pointing to tax returns reflecting legitimate income for the relevant time period. But Probation had a valid counter—citing its inability to verify the source of this legitimate income and pointing to the incongruity between the legitimate income reported and the vastly larger sums of cash with which Petitioner was found with as a result of the investigation.

Considering this pushback, a reasonable attorney might choose a strategy that abandoned far-from-sure objections for the opportunity (well-received, in this case) to argue for a downward departure. *See Bigelow*, 367 F.3d at 570 ("reasonable lawyers may disagree on the appropriate strategy"). Finally, although Petitioner insists that his counsel made the wrong decision by failing to raise the substance of the objections to the PSR either formally or in mitigation, the record does not reflect (nor does he assert) that he explicitly instructed his counsel otherwise.

---

[4] From the sentencing hearing transcript:

[Petitioner's counsel]: [Petitioner], I know in his own mind, believes that he is not as culpable as the presentence investigation writer has stated. I think I should just state that for the record."

The Court: Well, I think I agree with that, and that will drive where I'm going in my sentence.

(*Id.* at PAGEID #: 731–32)

While the Court is not required to address the prejudice prong in view of its conclusion above, *Strickland*, 466 U.S. at 697; *Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001), the Court finds this prong equally detrimental to Petitioner's position. Had the PSR objections been successfully made or referenced in mitigation, Petitioner's argument assumes a best-case scenario sentence range of 168–235 months. Petitioner's ultimate sentence of 198 months fell squarely within that range. He argues nevertheless that, but for counsel's errors, he would have been sentenced at or near the bottom of that range lower range. But Petitioner must show more than "some conceivable effect" of the errors on the outcome. *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). This showing must be "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner has not persuaded the Court that, even if counsel's performance was constitutionally inadequate, that there was anything more than an off chance that the Court would have sentenced him with fewer than 198 months.

Finally, the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550–51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.

### B. Motion to appoint

On August 21, 2017, Petitioner filed a Waiver of Attorney-Client Privilege and Confidential Information (Doc. 164). On January 22, 2018, the docket reflects what appears to be a duplicate of this filing—accompanied on this instance by the docket

notation, "MOTION to Appoint Counsel." (Doc. 171). On June 18, 2018, the Court entered an order denying the filing at document number 164. (Doc. 181). In substance, this order denied Petitioner's request for the appointment of counsel as contained in the last paragraph of document number 164, but it did not address the duplicate filing at document number 171.

The reasons applicable to denying the request in the first instance remain present to the extent restated by the filing at document number 171. For the reasons set forth in its prior order (Doc. 181), the motion to appoint counsel (Doc. 171) will be denied.

**IV. CONCLUSION**

Appreciating that "the fundamental fairness of the proceeding whose result is being challenged" is the "ultimate focus" of the ineffective assistance of counsel inquiry, Petitioner's § 2255 motion does not warrant relief. *Strickland*, 466 U.S. at 696. Petitioner's counsel acted objectively reasonably and, aside from reaching an objectively favorable result, he reached a result within Petitioner's subjective, best expectations. Petitioner's § 2255 motion (Doc. 147) is accordingly, and for the reasons set forth herein, **DENIED**. The motion for appointment of counsel (Doc. 171) is also **DENIED**.

The Court will not issue a certificate of appealability. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Petitioner's § 2255 motion is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further." *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-cv-00286), 2017 WL 1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 7 N.4 (1983))). Petitioner has also failed to make a substantial showing of

the denial of a constitutional right.  *Id.* (citing 28 U.S.C.A. § 2253(c) and Fed. R. App. 22(b)).

**IT IS SO ORDERED**.

                                                                             s/ *Michael R. Barrett*  
                                                                            Michael R. Barrett, Judge  
                                                                            United States District Court