UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

        v.                          Case No.   1:13cr21-1

Timothy Ballard,                     Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court on Defendant Timothy Ballard's Motion to Modify Term of Imprisonment, and authority in support thereof, pursuant to 18 U.S.C. 3582(c). (Doc. 225). Defendant seeks an order appointing counsel and modifying his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).

Defendant pleaded guilty to Count One of the Indictment: conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) and 846. This Court sentenced Petitioner to 198 months in prison and 10 years of supervised release. (Doc. 118).

Defendant maintains that the factual basis for the plea establishes an offense to which he was not indicted, namely, a substantive offense of distributing heroin. Defendant argues that the indictment was constructively amended at the time of the guilty plea. Defendant maintains that as a result, his conviction violates the Fifth Amendment. Defendant explains that these circumstances present "extraordinary and compelling" circumstances which warrant a reduction of his prison term.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts

to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  However, compassionate release is not the proper vehicle for Defendant to raise his constitutional claims, which are best addressed under 28 U.S.C. § 2255 or 42 U.S.C. § 1983.  *See United States v. Pelletier*, No. 3:16-CR-00147-8, 2020 WL 6135052, at *2 (M.D. Tenn. Oct. 19, 2020); *see also United States v. Pooler*, No. 3:18-cr-00137, 2020 WL 7046964 (S.D. Ohio Dec. 1, 2020)("to the extent that Pooler is arguing that his Motion should be granted due to the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments ... a compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations") (collecting cases).  As the Sixth Circuit has explained:

> § 3582(c)(1)(A)'s text and structure, together with its narrow scope, show that identifying "extraordinary and compelling reasons" is a task that focuses on post-sentencing factual developments.  A court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is "extraordinary and compelling," before a court is permitted to weigh (or revisit) the § 3553(a) factors.  *See Setser v. United States*, 566 U.S. 231, 243, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing").  Indeed, we have said that defendants seeking compassionate release must show that their "personal circumstances" have "changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing."  *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021); *accord United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).  Therefore, facts that existed at sentencing cannot later be construed as "extraordinary and compelling reasons" to reduce a final sentence.

*United States v. Hunter*, 12 F.4th 555, 569–70 (6th Cir. 2021).  Here, in setting forth the grounds for his motion, Defendant relies upon facts which existed at sentencing.  These facts cannot form the basis for a finding of "extraordinary and compelling" circumstances which would warrant a reduction in Defendant's final sentence.  Accordingly,

Defendant's Motion to Modify Term of Imprisonment, and authority in support thereof, pursuant to 18 U.S.C. 3582(c) (Doc. 225) is **DENIED**.

    **IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge