**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

    Plaintiff,

        v.                              Case No.   1:13cr21-1

Timothy Ballard,                        Judge Michael R. Barrett

    Defendant.

## **ORDER**

This matter is before the Court on Defendant Timothy Ballard's Motion for First Step Act Eligibility Determination and/or Appointment of Legal Counsel to Brief the Court on the Matter. (Doc. 199). The United States has filed a Response in Opposition. (Doc. 202).

Defendant seeks a determination regarding his eligibility under the First Step Act; and for the appointment of counsel to brief the Court on the matter.

Defendant pleaded guilty to Count One of the Indictment: conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i) and 846. This Court sentenced Petitioner to 198 months in prison and 10 years of supervised release. (Doc. 118).

Defendant maintains that he is eligible under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, because he was not convicted of any crime relating to the causation of death or serious bodily injury. The United States responds that Defendant was convicted of a heroin offense; and a defendant who did not commit crack cocaine offenses is unable to seek relief under Section 404 of the First Step Act.

Congress enacted the Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372 (2010) in an effort to realign significant, unfair disparities between the penalties in powder versus crack cocaine.  See *United States v. Rose*, 379 F. Supp. 3d 223, 226 (S.D. N.Y. 2019). The Fair Sentencing Act increased the crack cocaine quantities that trigger mandatory minimum sentences pursuant to 21 U.S.C. § 841(b)(1).  See Pub. L. 111-220, § 2(a). "Under section 404(b) of the First Step Act, a defendant who committed a 'covered offense' may move to have a district court 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed.'"  *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (quoting the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018)).  However, because Defendant was not convicted of a "covered offense" under 18 U.S.C. § 924, he is not eligible for relief under Section 404 of the First Step Act.  Accord *Jordan v. United States*, No. 3:18-CV-001268, 2020 WL 2112263, at *2 (M.D. Tenn. May 4, 2020).

Accordingly, Defendant's Motion for First Step Act Eligibility Determination and/or Appointment of Legal Counsel to Brief the Court on the Matter (Doc. 199) is **DENIED**.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             Michael R. Barrett
                                             United States District Judge